UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA B. ROCKLAGE, WILLIAM M. )<br>BEAVER, and DAVID G. JONES )<br>)<br>Defendants. )<br>) | C.A. No. 05 CV 10074 MEL |

**DEFENDANT DAVID G. JONES'**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant David G. Jones ("Jones") hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiff Securities and Exchange Commission (the "Commission"). In support of this motion, Jones states as follows:

1. The Commission alleges that Jones engaged in insider trading in the stock of Cubist Pharmaceuticals, Inc. ("Cubist") after receiving a tip from his neighbor, William Beaver ("Beaver"). According to the Complaint, Beaver had received a tip from his sister, Patricia Rocklage ("Rocklage), the wife of the then CEO and Chairman of Cubist, Dr. Scott Rocklage.

2. The Commission acknowledges in its Complaint, however, that Rocklage informed her husband that she intended, over his objection, to disclose to her brother the information he had provided to her.

3. The Commission's Complaint against Rocklage, the alleged tipper, fails as a matter of law because there can be no liability for insider trading under the securities laws when the

alleged tipper has disclosed to the source her intention to use the information. *U.S. v. O'Hagan*, 521 U.S. 642, 655 (1997).

    4. The Commission's claims against Jones, the alleged tippee, are equally flawed because a tippee's potential liability is derivative of and dependent on an alleged's tipper's liability. *SEC v. Dirks*, 463 U.S. 646, 655-665 (1983). Because Rocklage cannot be liable for securities fraud under the Supreme Court's decision in *O'Hagan,* Jones necessarily cannot be liable either.

    5. Even if the Commission could state a claim against Rocklage, its claims against Jones would still be legally insufficient because the Complaint fails to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

    6. The Commission's specific allegations of fraud against Jones are limited to the following: (i) he was friendly with Rocklage's brother, Beaver; and (ii) he sold his remaining shares in Cubist at a time that coincided with the sale by Beaver of his remaining shares. The Complaint provides no particularity as to the tip itself, and it lacks such basic information as how the tip was supposedly made (by phone, meeting, or some other communication), precisely when the tip occurred, the circumstances surrounding the tip, and – other than the trade itself – conduct by Jones from which the possession of material, non-public information could be inferred. Because the bare-boned allegations regarding Jones are insufficient under Rule 9(b), the claims against him should be dismissed.

WHEREFORE, for the foregoing reasons, Defendant David G. Jones respectfully requests that the Complaint against him be dismissed in its entirety.

>Respectfully submitted,
>
>Defendant
>David G. Jones
>By his attorneys,
>
>/s/ Brian E. Whiteley_____
>Brian E. Whiteley (BBO #555683)
>C. Alex Hahn (BBO #634133)
>SCIBELLI, WHITELEY AND STANGANELLI, LLP
>50 Federal Street, 5th Floor
>Boston, MA 02110
>(617) 227-5725

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 18, 2005, I caused a true copy of the above document to be served upon the following counsel electronically through the ECF system and by United States mail, first class, postage prepaid:

| | |
|---|---|
| Luke T. Cadigan, Esq. | David H. Erichsen |
| 73 Tremont Street, Suite 600 | Daniel H. Gold |
| Boston, MA 02108 | WILMER CUTLER PICKERING |
| | HALE & DORR LLP |
| | 60 State Street |
| | Boston, MA 02109 |

David E. Marder
Benjamin D. Stevenson
ROBINS, KAPLAN MILLER
 & CIRESI LLP
111 Huntington Ave.
Suite 1300
Boston, MA 02199
(617) 267-2300
(617) 267-8288 (fax)

/s/ Brian E. Whiteley
Brian E. Whiteley