UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 18 P 1: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA B. ROCKLAGE, WILLIAM M. )<br>BEAVER, and DAVID G. JONES )<br>)<br>Defendants. )<br>) | C.A. No. 05 CV 10074 MEL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WILLIAM M.
BEAVER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

William M. Beaver ("Beaver") files this memorandum in support of his motion to dismiss Plaintiff Securities and Exchange Commission's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6).

## I. INTRODUCTION

The Commission's Complaint alleges that Defendant Patricia Rocklage ("Rocklage") tipped her brother, Beaver, before he traded stock of Cubist Pharmaceuticals, Inc. ("Cubist"). In a companion motion filed contemporaneously herewith, Rocklage establishes that the Complaint fails to state a claim against her because she did not breach any duties by making the alleged tip. The Court should dismiss the Complaint against Beaver for the same reason. The law is well-established that a tippee is not liable for insider trading if the tipper did not breach any duties.

## II. FACTUAL ALLEGATIONS

Beaver incorporates by reference the factual recitation contained in the Memorandum of Law in Support of Defendant Patricia B. Rocklage's Motion to Dismiss ("Rocklage

Word 35021416.2

Memorandum") filed contemporaneously herewith. Set forth below are the facts in the Commission's Complaint that are especially relevant to Beaver:

Rocklage had an understanding with her brother that if she ever became aware of bad news concerning Cubist that might affect its stock price, she would give him "a wink and a nod." (Complaint, ¶ 15). Rocklage telephoned her brother no later than the morning of January 2, 2002, and induced him to sell his stock by saying, in substance, "as far as Cubist is concerned, I'm giving a wink and a nod." (*See id.*, ¶ 17). Beaver understood his sister to be giving him a warning about negative information concerning Cubist, and proceeded to sell his stock the morning of January 2, 2002. (*Id.*, ¶ 18).[1]

## III.  ARGUMENT

Beaver incorporates by reference the arguments set forth in the Rocklage Memorandum. That Memorandum establishes that Rocklage did not breach any duty by providing information to Beaver. As set forth below, these same arguments preclude the Commission from asserting any claims against Beaver.

### A.  A Tippee is Not Liable if His Tipper is not Liable

In *Dirks v. SEC*, 463 U.S. 646 (1983), the Supreme Court articulated the standard of liability for a tippee in an insider trading case brought under the classical theory. The Court held that a tippee is only liable if the insider/tipper "breached his fiduciary duty to the shareholders by disclosing the information to the tippee and the tippee knows or should know that there has been a breach." *Id.*, at 60. The Court explained that a tippee has no duty of his own. Rather, a tippee's duty is "derivative from that of the insider's duty." *Id.* at 659. If the insider's "tip" did

---

[1] Beaver does not admit the truth of these allegations, and only summarizes them here for purposes of this motion.

not constituted a breach of the insider's fiduciary duty, then the tipper has no obligations and is free to trade. *See Id.* at 661.[2]

Courts that have considered the question of tippee liability in misappropriation cases have followed the same approach as *Dirks*. *SEC v. Yun*, 327 F.3d 1263, 1270 n. 15 (11th Cir. 2003). In such cases, "[i]f the tipper is found not to have breached a duty, then the tippee cannot be held liable." *Id. See also SEC v. Mayhew*, 916 F. Supp. 123, 130 (D. Conn. 1995)(no derivative liability by tippee in misappropriation case where tip did not constitute a breach of duty), *aff'd SEC v. Mayhew*, 121 F.3d 44 (2d Cir 1997).

### B. Beaver Has No Liability Because Rocklage Has No Liability.

Beaver hereby adopts and endorses the arguments asserted in the Rocklage Memorandum. Rocklage established in that Memorandum that the Commission has not stated a claim against her under either the classical or misappropriation theories.

As set forth in the Rocklage Memorandum, the Commission did not properly allege the classical form of insider trading. Rocklage was not an insider of Cubist and owed no duty to Cubist's shareholders. Accordingly, Beaver could not have inherited any classical-type duty from her and cannot be held liable under the derivative liability rule announced in *Dirks*.

The Rocklage Memorandum also establishes that the Commission did not properly allege a claim under the misappropriation theory. As set forth in that Memorandum, a fiduciary breaches a duty of loyalty and confidentiality by making an *undisclosed* use of the principal's information. *U.S. v. O'Hagan*, 521 U.S. 642, 652 (1997). Where, as here, the Commission admits that Rocklage, the alleged tipper, fully disclosed the use of this information to her

---

[2] District Courts have uniformly followed *Dirks* and found no liability for the tippee where the tipper's conduct did not constitute a breach of duty. *See, e.g. SEC v. Maxwell*, 341 F. Supp.2d 941, 950 (S. D. Ohio 2004).

husband before using it, she did not breach any duty. Accordingly, there could be no derivative liability for Beaver, the alleged tippee.

### C. The Commission's Boilerplate Allegations Are Not Sufficient

In its Complaint, the Commission alleges that Rocklage owed a duty of trust and confidence to her husband and/or to Cubist and its shareholders (Complaint, ¶ 24) and that "Beaver knew or was reckless in not knowing that P. Rocklage was breaching a duty of trust and confidence that she owed to her husband and/or to Cubist and its shareholders." (Complaint, ¶ 26). These boilerplate allegations do not save the Complaint. A complaint is deficient if the allegations present "an insuperable bar to securing relief." *See* Wright & Miller, *Federal Practice and Procedure* (West 2004), § 1357, Vol. 5B, at 701-704 and cases cited. As set forth in detail in the Rocklage Memorandum, the factual allegations in the Complaint, including Rocklage's disclosure to her husband and her status as a corporate outsider, establish beyond any doubt that the Commission is precluded from establishing liability and has therefore failed to state a claim.

## IV. CONCLUSION

As set forth in the Rocklage Memorandum, the Commission has failed to properly allege that Rocklage breached any duty when she provided information to Beaver. Accordingly, under the well-established precedent set forth above, the Commission has failed to state a claim against Beaver. The Court should dismiss the Complaint against Beaver in its entirety.

Respectfully submitted,

WILLIAM M. BEAVER

By his attorneys,

_____
David E. Marder (BBO No. 552485)
Benjamin D. Stevenson (BBO No. 638121)
ROBINS, KAPLAN MILLER & CIRESI LLP
111 Huntington Ave.
Suite 1300
Boston, MA 02199
(617) 267-2300
(617) 267-8288 (fax)

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following, by first class mail, postage prepaid, on 2\18\05          :

Luke T. Cadigan, Esq.
Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA 02108

David H. Erichsen
WILMER CUTLER PICKERING
HALE & DORR LLP
60 State Street
Boston, MA 02109

Brian Whiteley, Esq.
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110

_____
David E. Marder