UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SECURITIES AND EXCHANGE COMMISSION  )
                                    )
         Plaintiff,                 )
                                    )   C.A. No. 05 CV 10074 MEL
     v.                             )
                                    )
PATRICIA B. ROCKLAGE, WILLIAM M.    )
BEAVER, and DAVID G. JONES          )
                                    )
         Defendants.                )
_____ )

**DEFENDANT DAVID G. JONES' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant David G. Jones ("Jones") files this reply memorandum in support of his motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiff Securities and Exchange Commission (the "Commission"). The Commission's opposition reveals that it has not alleged and – despite a lengthy pre-suit investigation – cannot allege facts sufficient to plead a claim for insider trading against Jones. This Reply Memorandum addresses the Commission's arguments that it has met its obligations to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) and that the Complaint states a claim against Jones. The Reply does not address the Commission's arguments regarding its claims against Patricia Rocklage ("Ms. Rocklage") and William Beaver ("Beaver"), although Jones disputes the Commission's position on those claims and agrees with and incorporates by reference herein the Reply Memoranda submitted by Ms. Rocklage and Beaver.

**ARGUMENT**

    A.    **The Commission's Argument that the Particularity Requirements of Rule 9(b) are "Relaxed" in Insider Trading Cases Does Not Excuse the Complete Lack of Specificity with Respect to the Claims Against Jones.**

The Commission asserts that its bare-boned allegations with respect to Jones are sufficient notwithstanding the particularity requirements of Federal Rule of Civil Procedure 9(b). The argument is unavailing for several reasons.

First, the relaxation of the Rule 9(b) requirements discussed in the case law advanced by the Commission is inapplicable here. For a court to consider relaxing the strictures of Rule 9(b), it must first find, as the Commission acknowledges, that the specificity is lacking because the relevant facts are "peculiarly within the knowledge of the Defendants." *Securities and Exchange Commission's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (hereafter "Commission's Memo")* pp. 21-22. The missing facts here, however, cannot fairly be said to be "peculiarly within the knowledge of Jones and Beaver" because there are other sources of information available to the Commission regarding the circumstances of the alleged tip, including the defendants' spouses, the defendants' brokers, and the defendants' records (including their telephone records).

Second, and closely related to the first point, is that the relaxation of the Rule 9(b) requirements should not be applied here given the extensive investigative powers available to the Commission prior to the filing of the Complaint.[1] There can be no question that the Commission's investigative authority is expansive. *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984). The Commission, for example, is empowered to conduct investigations which it

---

[1] While it is true some courts from outside the First Circuit have allowed the Commission to circumvent Rule 9(b) in the context of an insider trading action, those courts have simply adopted the reasoning applied to case law involving private litigants, who do not have the pre-suit investigative powers of the federal government standing behind them. *See SEC v. Alexander,* 160 F.Supp.2d 642, 649 (S.D.N.Y. 2001) (relying on *Energy Factors, Inc. v. Nuevo Energy Co.*, No. 91 Civ. 4273, 1991 WL 259425 at *4 (S.D.N.Y. 1991).

deems necessary and proper to the enforcement of the federal securities laws, and it is empowered to subpoena records and witnesses in furtherance of any such investigations. *Id.* In light of its far-reaching pre-litigation investigative power, the Commission should not be able to rely on the relaxation of the Rule 9(b) particularity requirements some courts have made available to private litigants.

In an analogous situation involving the "group published information doctrine," a federal district court in California ruled that the Commission could not avail itself of the relaxed 9(b) pleading requirements associated with that doctrine. *SEC v. Yuen*, 221 F.R.DF. 631, 637 (C.D. Cal. 2004) ("given the SEC's substantial pre-filing investigatory powers and the significant discovery already conducted in this case, the SEC's reliance on the 'group published information' doctrine is misplaced and inappropriate").[2]

Third, the Commission's argument that Jones has adequate notice of the basis of its claims because he can piece together certain circumstantial facts alleged in the Complaint erroneously focuses on only one prong of the policy behind Rule 9(b) – that a defendant have adequate notice of the claim against him. *Commission's Memo p. 21.* The Commission ignores the fact that the particularity requirement was also designed to safeguard defendants from spurious charges of fraudulent behavior. *Micro-Medical Indus., Inc. v. Hatton,* 607 F.Supp. 931 (D.P.R. 1985), citing *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786 (3d Cir. 1984). This factor is particularity relevant here given, first, how attenuated the Commission's claims are against all of the defendants in light of the Supreme Court's decision in *U.S. v. O'Hagan*, 521 U.S. 642 (1997), and, second, against Jones in particular in light of his

---

[2] The fact that there had been post-filing discovery in *Yuen* does not affect the applicability of the decision here, because the critical point of the decision is the distinction between the Commission's expansive ability to gather evidence prior to filing a claim as opposed to a private litigant's limited ability to do so.

3

place as an alleged remote tippee whom the Commission alleges received certain undefined information from the brother of the wife of the CEO of Cubist.

Finally, the circumstantial evidence relied on by the Commission – as set forth in Jones' opening brief – simply does not rise to the level required by the Courts to support a claim of insider trading against a remote tippee such as Jones. *Memorandum of Law in Support of Defendant David G. Jones' Motion to Dismiss for Failure to State a Claim pp. 8-12*. The Commission's reliance on *SEC v. Blackwell,* 291 F. Supp. 2d 673 (S.D. Ohio 2003) to counter Jones' argument is unavailing because the circumstantial facts in *Blackwell* were far more compelling than those at issue here, including the fact that the stock purchases by two of the tippees amounted to their largest investment ever in a single stock and represented 150 percent of their combined income. *Id.* at 683.[3]

> **B.    The Commission Has Failed to Adequately Plead that Jones Knew or Should Have Known of an Allegedly Deceptive Breach of any Fiduciary Duty Owed By Ms. Rocklage to Her Husband or Cubist.**
>
>> *1. To State a Claim for Insider Trading against Jones, the SEC Must Allege Facts Sufficient to Support a Finding that Jones Knew or Should Have Known of Deception by Ms. Rocklage in the Context of an Alleged Breach of Fiduciary Duty to Her Husband and/or Cubist.*

The Supreme Court's *O'Hagan* decision makes clear that liability under the misappropriation theory of the federal insider trading laws arises *only* when a person using non-public information does so in the context of a deceptive breach of a fiduciary duty owed to the

---

[3] The Commission's reference to allegedly inconsistent statements made during the course of its investigation (*Commission's Memo p. 25 n.17*) is equally unavailing because the statements do not involve the underlying facts of the claims against Jones or Beaver but rather simply when Beaver may have learned of the fact of the Commission's inquiry into his trading in Cubist stocks. Further, crediting the Commission's argument on this red herring would create a disincentive for witnesses to correct or clarify mistaken statements made during the course of an investigation.

4

person entrusting the confidential information to her. *U.S. v. O'Hagan*, 521 U.S. 642, 652 (1997).[4]

With respect to a tippee in a misappropriation case, there are two prerequisites to liability. First, because his liability is derivative, the tippee cannot be held liable if the original tipper did not engage in a deceptive breach of his or her fiduciary duty. *O'Hagan*, 521 U.S. at 652; *Dirks*, 463 U.S. at 662 ("[a]bsent a breach by the insider there is no derivative breach). Here, the Commission fails to meet this first prerequisite for liability because Ms. Rocklage's disclosure negates any alleged breach of a fiduciary duty to her husband for the reasons set forth in the opening and reply briefs filed by defendants Rocklage and Beaver, which Jones incorporates by reference. Second, the alleged tippee will not be liable unless he had *actual or constructive knowledge* that the tipper's disclosure constituted a deceptive breach of his or her fiduciary duty. *Id.* For the reasons set forth below, the Commission fails to plead facts sufficient to allege that Jones knew or should have known either of Ms. Rocklage's alleged breach of fiduciary duty or of any deception on Ms. Rocklage's behalf.

> ### 2. To Survive a Motion to Dismiss, the Commission Must Plead Facts Creating a "Strong Inference" That Jones Knew or Should Have Known of Ms. Rocklage's Alleged Breach and Deception.

The Commission argues that its Complaint need not specify with particularity the facts supporting its contention that Jones acted with scienter – in other words, that he "knew or was reckless in not knowing that the information allegedly communicated to him by Beaver was

---

[4] Although the Commission has also argued that the classical theory of insider trading applies here, the argument is unavailing for the reasons set forth in the opening and reply memoranda filed by Ms. Rocklage. In any event, as discussed below, even if the classical theory did apply, the claim against Jones would still have to be dismissed because Commission's allegations do not satisfy the scienter requirements for tippee liability. *See infra.* at p. 6

being conveyed to him as a result of a breach of a duty of trust and confidence owed to S. Rocklage and/or to Cubist and its shareholders." *Commission's Memo* at pp. 26-27.[5]

While it is correct that under Rule 9(b) scienter may be pleaded generally, the Commission must nonetheless allege facts sufficient to give rise to a *strong inference* that the tippee *knew or should have known* that a deceptive breach of fiduciary duty occurred. *SEC v. Alexander*, 160 F.Supp. 2d. 642, 649 (S.D.N.Y. 2001) ("it is well established that a plaintiff must still 'allege facts that give rise to a *strong inference of fraudulent intent*'") (internal cite omitted; emphasis in original); *Stevens v. O'Brien Environmental Energy, Inc.*,1999 WL 310550 (E.D.Pa.1999), *3 ("[t]o properly plead scienter, plaintiff must plead facts giving rise to a 'strong inference' that the defendant knew or recklessly disregarded that its conduct was fraudulent"). "Pleading scienter requires more than an assertion that the defendant engaged in trading in possession of inside information, because. . . a tippee has no duty to abstain from trading simply because he has knowingly received material nonpublic information." *Abrams v. Prudential Securities, Inc.,* 2000 WL 390494 at *2 (dismissing claims against alleged tippee where element of scienter was insufficiently pleaded).

The Commission's allegations on this front fall far short of raising a "strong inference" that Jones knew or should have known of an allegedly deceptive breach of fiduciary duty by Ms. Rocklage because they focus nearly exclusively on Jones' friendship with Beaver. With respect to Ms. Rocklage, the Complaint is limited to the allegation that she grew up in the same neighborhood as Jones and that Jones knew her husband was the CEO of Cubist. *Complaint,* paragraphs 20, 21, and 8.

---

[5] As discussed in Section B(1)of this Reply, the Commission's contention that it need only allege that Jones knew of a simple breach of fiduciary duty is insufficient to establish liability under the misappropriation theory because *O'Hagan* holds that the text of the federal securities laws also requires that the alleged tipper deceive those who entrusted him with the confidential information by not disclosing an intent to use the information in connection with securities transactions.

Strikingly absent from the Complaint are any allegations which, if present, might in conjunction with one another give rise to an inference that Jones knew or should have known of Ms. Rocklage's alleged breach of some sort of a fiduciary duty, let alone that he knew or should have known that she had breached the duty by in some way deceiving her husband. The Commission has *not* alleged, for example, that Jones knew or had any reason to know of any special relationship between Ms. Rocklage and Cubist and/or its shareholders. He knew only that she was married to Cubists' CEO. Because the Commission makes no allegations as to how Beaver allegedly tipped Jones and what Jones may have said in any such alleged tip, there is absolutely nothing to suggest that simply knowing that Beaver's sister was the wife of the Cubist CEO should put Jones on notice that in speaking to her brother she was deceptively breaching some sort of a duty to her husband or to Cubists and/or its shareholders.

The Commission's argument if anything underscores the lack of detail in the Complaint. Indeed, although on page 24 of its Memorandum the Commission reiterates the minimal allegations it has made concerning Jones' alleged knowledge of Ms. Rocklage's breach, the Commission then falls back on the friendship between Jones and Beaver and the well-worn fact that they live in the same neighborhood (although not, as alleged, directly across the street from each other). By focusing so intently on Jones' relationship with Beaver, and the physical proximity of their homes, the Commission ignores the fact that the element of scienter requires it to establish that Jones knew or should have known of the allegedly wrongful conduct of *Ms. Rocklage*.[6] Even with all inferences drawn in the Commission's favor for the purpose of a motion to dismiss, the limited facts alleged regarding Jones' distant relationship with Ms.

---

[6] Jones' liability is derivative of any breach by Ms. Rocklage, not Beaver. *See SEC v. Maio,* 51 F.3d 623, 631-633 (7th Cir.1995) (noting that tippee's duty must relate to breach by original tipper; "Ladavac's duty derives from Ferrero, not Maio"). The Commission's efforts to ensnare Jones by harping on his friendship with Beaver are thus unavailing, absent facts demonstrating that Jones knew or should have known of the breach by Ms. Rocklage.

Rocklage do not support an inference that he knew or should have known: (i) that she had obtained confidential information regarding Cubist; (ii) that she had done so deceptively; and, most importantly, (iii) that she had acted deceptively in passing that information on to her brother. In fact, as set forth in their opening briefs, the defendants here have established conclusively that Ms. Rocklage could not have acted deceptively in talking to her brother because she had already – according to the Commission's complaint – disclosed her intent to her husband, thus negating the critical element of deceit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant David G. Jones respectfully requests that the Complaint against him be dismissed in its entirety.

        Respectfully submitted,

        Defendant
        David G. Jones
        By his attorneys,

        /s/ Brian E. Whiteley
        Brian E. Whiteley (BBO #555683)
        C. Alex Hahn (BBO #634133)
        SCIBELLI , WHITELEY AND STANGANELLI, LLP
        50 Federal Street, 5th Floor
        Boston, MA 02110
        (617) 227-5725

        Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2005, I caused a true copy of the above document to be served upon the following counsel electronically through the ECF system and by United States mail, first class, postage prepaid:

Luke T. Cadigan, Esq.  
73 Tremont Street, Suite 600  
Boston, MA 02108

David H. Erichsen  
Daniel H. Gold  
WILMER CUTLER PICKERING  
 HALE & DORR LLP  
60 State Street  
Boston, MA 02109

David E. Marder  
Benjamin D. Stevenson  
ROBINS, KAPLAN MILLER  
 & CIRESI LLP  
111 Huntington Ave.  
Suite 1300  
Boston, MA 02199  
(617) 267-2300  
(617) 267-8288 (fax)

/s/ Brian E. Whiteley  
Brian E. Whiteley