UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05 CV 10074 MEL |
| v. | ) | |
| | ) | |
| PATRICIA B. ROCKLAGE, WILLIAM M. | ) | |
| BEAVER, and DAVID G. JONES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT WILLIAM M. BEAVER'S REPLY TO
## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant William M. Beaver ("Beaver") hereby replies to Securities and Exchange

Commission's Memorandum of Law in Opposition to Defendants' Motion to Dismiss

("Commission's Memorandum"). For purposes of this Reply Memorandum, Beaver assumes

that the Commission fails to state a claim against his alleged tipper, Defendant Patricia B.

Rocklage ("Rocklage").[1] This Reply Memorandum addresses only the Commission's contention

that Beaver is liable even if Rocklage is not (*see* Commission's Memorandum, at 18-20). As set

forth in detail below, that contention is inconsistent with binding Supreme Court precedent.

### ARGUMENT

The Commission's argument ignores the rule that tippee liability is derivative. *See*

Memorandum of Law in Support of Defendants William M. Beaver's Motion to Dismiss for

Failure to State a Claim, at 2-4; *Dirks v. SEC*, 463 U.S. 646, 659 (1983). A concise summary of

this rule appears in *U.S. v. O'Hagan*, 521 U.S. 642 (1997). There, the Supreme Court, when

---

[1]      Although Beaver disputes the Commission's argument that the Complaint states a claim against Rocklage
(*see* Commission's Memorandum, at 4-17), Beaver does not address that argument herein. Rather, Beaver relies
upon and incorporates by reference the Reply Memorandum filed by Rocklage concurrently herewith (the
"Rocklage Reply").

discussing the *Dirks* case, summarized the tippee derivative liability rule as follows: "Absent any violation by the tippers, there could be no derivative liability for the tippee." *Id.*, at 663. Under this binding Supreme Court precedent, Beaver is not liable for insider trading if Rocklage is not liable.

## A.    Beaver Cannot be Held Liable Under the Misappropriation Theory if Rocklage is Not Liable.

Ignoring the Supreme Court precedent cited above, the Commission contends that Beaver is liable under the misappropriation theory even if Rocklage is not. As set forth in detail below, the Commission bases its argument upon a misapplication of a tippee liability test designed for cases brought under the classical theory.

### 1.    The Misappropriation Theory Only Applies Where There is Deception Through Non-Disclosure to the Principal

To understand the fallacy in the Commission's argument, one must appreciate the differences between the classical and misappropriation theories. The starting point for both theories is Section 10(b) and Rule 10b-5 thereunder. One guiding principal limits liability for insider trading under those provisions, regardless of the theory employed. Specifically, courts have held repeatedly that "not all breaches of fiduciary duty in connection with a securities transaction . . . come within the ambit of Rule 10b-5." *Dirks*, 463 U.S., at 654 (quotations and citations omitted). Rather, "[t]here must also be manipulation or deception." *Id.*

In a classical case, insider trading on the basis of material, nonpublic information qualifies as a "deceptive device." *O'Hagan*, 521 U.S., at 651-652. This is because a relationship of trust and confidence exists "between the shareholders of a corporation and those insiders who have obtained confidential information by reason of their position with that corporation." *Id.*

2

In contrast, misappropriation cases are not premised upon a breach of a duty to shareholders. Rather, as the Court explained in *O'Hagan,* the misappropriation theory is premised upon a narrow type of breach by a fiduciary to a principal. Specifically, the Court held that:

> Under this theory, a fiduciary's *undisclosed*, self-serving use of a principal's information to purchase or sell securities, in breach of a duty of loyalty and confidentiality, defrauds the principal of the exclusive use of that information. In lieu of premising liability on fiduciary relationship between company insider and purchaser or seller of the company's stock, the misappropriation theory premises liability on a fiduciary-turned-trader's deception of those who entrusted him with access to confidential information.

*Id.*, at 652 (emphasis added). The lack of disclosure to the principal provides the essential element of deception in a misappropriation case. As the Court further explained:

> Because the deception essential to the misappropriation theory involves feigning fidelity to the source of the information, if the fiduciary discloses to the source that he plans to trade on the nonpublic information, there is no "deceptive device" and thus no 10(b) violation – although the fiduciary-turned-trader may remain liable under state law for breach of a duty of loyalty.

*Id.,* at 655. In sum, ***a mere breach of fiduciary duty is insufficient to give rise to liability for insider trading under the misappropriation theory***. Rather, the breach must involve non-disclosure to the source of the fact that the fiduciary intends to use the information.

## 2.    In a Misappropriation Case, a Tippee Can Only be Liable Where the Tipper Engaged in the Type of Breach Contemplated by *O'Hagan.*

*Dirks* is the seminal case addressing tippee liability. In *Dirks,* the Supreme Court articulated the standard of tippee liability for classical cases as follows:

> [A] tippee assumes a fiduciary duty to the shareholders of a corporation not to trade on material nonpublic information only when the insider has breached his fiduciary duty to the

Word 35023177.1

> shareholders by disclosing the information to the tippee and the
> tippee knows or should know that there has been a breach.

*Dirks,* 463 U.S., at 660.

Misappropriation cases decided since *Dirks* have assumed that this same approach would apply to tippee liability (i.e. that the tippee is not liable where the tipper has not breached a duty). *SEC v. Yun,* 327 F.3d 1263, 1270 n. 15 (11th Cir. 2003). Obviously, however, one cannot woodenly apply the standard set forth in *Dirks* to misappropriation cases. The *Dirks* test speaks to violations of "fiduciary duty to the shareholders," an element that is irrelevant to misappropriation cases. Before the *Dirks* standard can be used in misappropriation cases, it must be modified in light of *O'Hagan* to limit tippee liability to situations where the tipper's breach is the type required by *O'Hagan*: a fiduciary's undisclosed, self-serving use of a principal's information. The Commission's argument to the contrary, which assumes that *any* breach of duty will suffice, contradicts the statements in *Dirks* and *O'Hagan* that mere breaches of fiduciary duty do not violate the securities laws.

In an effort to avoid this Supreme Court precedent, the Commission cites a number of cases that purport to discuss the standard for tippee liability in misappropriation cases. These cases state that a "breach" by the tipper is an element of tippee liability, but do not explain the type of breach that is required. From these cases, the Commission appears to argue that, notwithstanding *O'Hagan*, any type of breach will suffice. The cases do not support this argument for several reasons: 1) none of the cases involve our fact pattern (a disclosure to the source before the alleged tip), so there was no reason for the courts to clarify that a breach involving nondisclosure is required; 2) almost all of the cases pre-date *O'Hagan;* and 3) the only post-*O'Hagan* case cited by the Commission, *SEC v. Sargent,* 229 F.3d 68, 77 (1st Cir., 2000)

4

simply refers to a pre-*O'Hagan* case while discussing an unrelated issue (whether a benefit to the tipper must be shown in a misappropriation case).  Beaver is unaware of *any* post-*O'Hagan* cases in the misappropriation context where:  1) the tipper violated a fiduciary duty;  2) the tipper did not engage in the type of breach contemplated by *O'Hagan* because the tipper disclosed his intent to the source;  and 3) the tippee was held liable.

In light of the foregoing, Beaver has no liability as a tippee under the misappropriation theory because his alleged tipper, Rocklage, disclosed her intentions to her husband.  Rocklage did not engage in the type of breach that gives rise to liability under the misappropriation theory and Beaver, as the alleged tippee, could not be held derivatively liable.

**B.**     **There is No Tippee Liability for Beaver under the Classical Theory Because Rocklage Was Not an Insider and Owed No Duties to Cubists' Shareholders.**

To ascertain whether Beaver could have any liability under the classical theory, one need look no further than *Dirks*.  Under the standard articulated in that case, there must be a breach of duty by the tipper before any liability can attach to the tippee.  For the reasons set forth in Rocklage's opening and reply memoranda, Rocklage owed no duty to Cubist's shareholders. Accordingly, Beaver could have no liability as a tippee under the classical theory.

**CONCLUSION**

For the reasons set forth above and in Beaver's principal memorandum, Beaver's Motion to Dismiss should be granted.

**REQUEST FOR HEARING**

Beaver respectfully requests oral argument on his Motion to Dismiss.

Word 35023177.1

Respectfully submitted,

WILLIAM M. BEAVER

By his attorneys,

David E. Marder (BBO No. 552485)
Benjamin D. Stevenson (BBO No. 638121)
ROBINS, KAPLAN MILLER & CIRESI LLP
111 Huntington Ave.
Suite 1300
Boston, MA 02199
(617) 267-2300
(617) 267-8288 (fax)

Dated: April 23, 2005

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following, by first class mail, postage prepaid, on April 2?, 2005:

Luke T. Cadigan, Esq.
Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA 02108

David H. Erichsen
WILMER CUTLER PICKERING
HALE & DORR LLP
60 State Street
Boston, MA 02109

Brian Whiteley, Esq.
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110

David E. Marder

Word 35023177.1