UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SECURITIES AND EXCHANGE COMMISSION )
                                   )
          Plaintiff,               )
                                   )          C.A. No. 05 CV 10074 MEL
    v.                             )
                                   )
PATRICIA B. ROCKLAGE, WILLIAM M.   )
BEAVER, and DAVID G. JONES         )
                                   )
          Defendants.              )
_____)

# ANSWER

Defendant Patricia B. Rocklage ("Mrs. Rocklage") responds to the Complaint of Securities and Exchange Commission ("Commission") as follows:

1.  Mrs. Rocklage admits that she learned from her husband, Dr. Rocklage, that Cubist had received negative results in clinical trials for Daptomycin; that she told her husband that she intended to give Beaver "a wink and a nod" in light of the negative trial results; and that she proceeded to do so despite her husband's objection. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.  Mrs. Rocklage admits that the Commission seeks various types of relief, but denies the remaining allegations contained in Paragraph 2.

3.  The allegations contained in Paragraph 3 constitute legal conclusions to which no response is required. To the extent that a response is required, Mrs. Rocklage admits she resides in Massachusetts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. Mrs. Rocklage admits that she made use of the telephone in connection with conversations with her husband and brother, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Mrs. Rocklage denies the allegations in Paragraph 5 relating to her.

6. Mrs. Rocklage admits the allegations in Paragraph 6, except she is without knowledge or information sufficient to form a belief as to the truth of the allegation that Beaver is "one of the two traders in this matter."

7. Mrs. Rocklage admits the allegations in Paragraph 7.

8. Mrs. Rocklage admits that Beaver and Jones attended the same college, were fraternity brothers, and have known and associated with each other since college. She is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. Mrs. Rocklage admits that Cubist was located in Lexington, Massachusetts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10. Mrs. Rocklage admits that she knew that Daptomycin was a leading drug candidate for Cubist. She is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Mrs. Rocklage admits that on the afternoon of December 31, 2001, she spoke by telephone with Dr. Rocklage while in a limousine on her way home from the airport; that Dr. Rocklage informed her that a clinical trial for Daptomycin had failed; that they talked again

about the clinical trial later that day; and that Dr. Rocklage told her that Cubist would be making a public announcement concerning the trial results and that, until then, the results were nonpublic.  Mrs. Rocklage denies the remaining allegations in Paragraph 12.

13.     Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 13.  Mrs. Rocklage admits that on infrequent occasions Dr. Rocklage communicated nonpublic information concerning Cubist to her and that she kept such information confidential when he specifically asked her to do so, but denies the remaining allegations contained in the second sentence of Paragraph 13.

14.     Mrs. Rocklage admits to the allegations contained in the first and second sentences of Paragraph 14.  She is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 14.  She denies the remaining allegations in Paragraph 14.

15.     Mrs. Rocklage admits that she decided to give Beaver a "wink and a nod" sometime after she learned of the negative trial results.  She denies the remaining allegations contained in Paragraph 15.

16.     Mrs. Rocklage admits that sometime after December 31 she told Dr. Rocklage that she intended to give her brother a "wink and a nod;" that Dr. Rocklage objected and expressed unhappiness; and that she told Dr. Rocklage that she intended to give her brother a "wink and a nod" anyway.  Mrs. Rocklage denies the remaining allegations contained in Paragraph 16.

17.     Mrs. Rocklage denies the allegations contained in Paragraph 17.

18. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. The allegations contained in Paragraph 24 constitute legal conclusions to which no response is required. To the extent that a response is required, Mrs. Rocklage denies the allegations contained in Paragraph 24.

25. The allegations contained in Paragraph 25 constitute legal conclusions to which no response is required. To the extent that a response is required, Mrs. Rocklage denies the allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 constitute legal conclusions to which no response is required and relate to defendants other than Mrs. Rocklage. To the extent that a response is required, Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     The allegations contained in Paragraph 27 constitute legal conclusions to which no response is required and relate to defendants other than Mrs. Rocklage.  To the extent that a response is required, Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     The allegations contained in Paragraph 28 relate to defendants other than Mrs. Rocklage and thus no response is required.  To the extent that a response is required, Mrs. Rocklage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Mrs. Rocklage repeats and incorporates her responses contained in Paragraphs 1-28 above.

30.     Mrs. Rocklage denies the allegations contained in Paragraph 30 relating to her.

31.     Mrs. Rocklage repeats and incorporates her responses contained in Paragraphs 1-28 above.

32.     Mrs. Rocklage denies the allegations contained in Paragraph 32 relating to her.

33.     Mrs. Rocklage denies that the Commission is entitled to the relief set forth in Paragraph 33.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense:

Plaintiff fails to state a claim upon which relief can be granted.  The misappropriation and classical theories of insider trading do not apply for the reasons set forth in Mrs. Rocklage's Motion to Dismiss.

Second Affirmative Defense:

Because Beaver did not receive any material, nonpublic information prior to making his trade, he did not trade on the basis of such information and/or is entitled to the affirmative defenses set forth in Rule 10b5-1 under the Securities Exchange Act of 1934. As a result, Mrs. Rocklage cannot be held liable for any providing any such information to Beaver.

## **JURY DEMAND**

Mrs. Rocklage hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Patricia B. Rocklage

By her attorneys,

/s/ David H. Erichsen
David H. Erichsen (BBO #155600)
Peter Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
(617) 526-5000 (facsimile)

Dated: September 14, 2005