UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,         )
                                            )
        Plaintiff,                          )
                                            )    C.A. No. 05-CV-10074 MEL
    v.                                      )
                                            )
PATRICIA B. ROCKLAGE, WILLIAM M.            )
BEAVER, and DAVID G. JONES,                 )
                                            )
        Defendants.                         )
_____)

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT DAVID G. JONES**

Pursuant to Rules 12 and 13 of the Federal Rules of Civil Procedure, defendant David G. Jones ("Jones") responds to the complaint ("complaint") of the Securities and Exchange Commission ("Commission") as follows:

**SUMMARY**

1.      No answer is required to the allegations in the first sentence of paragraph 1 of the complaint because they set forth legal conclusions. To the extent an answer is required, Jones denies that he received any material, non-public information prior to making the trade at issue or that he traded on any such information. Further, no answer is required to those allegations in paragraph 1 of the complaint which relate to defendants other than Jones. Jones admits that he sold Cubist stock on or about January 3, 2002. Jones denies the remaining allegations in the sixth sentence of paragraph 1 of the complaint. No answer is required to those allegations in the seventh sentence of paragraph 1 of the complaint because the public announcement speaks for itself. Jones states that he is without knowledge or information sufficient to form a belief as to

the truth of the allegations in the eighth sentence of paragraph 1 of the complaint. Jones denies the remaining allegations in paragraph 1 of the complaint.

2. No answer is required to those allegations in paragraph 2 of the complaint which relate to defendants other than Jones or which assert legal conclusions. To the extent an answer is required, Jones denies the allegations in paragraph 2 of the complaint.

## JURISDICTION

3. No answer is required to the allegations in paragraph 3 of the complaint because they merely set forth legal conclusions.

4. No answer is required to the allegations in paragraph 4 of the complaint because they merely set forth legal conclusions.

5. No answer is required to the allegations in paragraph 5 of the complaint because they merely set forth legal conclusions or involve other defendants. To the extent an answer is required, Jones denies the allegations in paragraph 5 of the complaint relating to him.

## DEFENDANTS

6. No answer is required to the allegations in paragraph 6 of the complaint because they relate to a defendant other than Jones.

7. No answer is required to the allegations in paragraph 7 of the complaint because they relate to a defendant other than Jones.

8. Jones admits that he is 54, and is a resident of Charlotte, North Carolina. Jones admits that he grew up in the same neighborhood in Charlotte, North Carolina as William M. Beaver ("Beaver") and Patricia B. Rocklage ("Rocklage"), and that he and Beaver attended the same college and were fraternity brothers. Jones admits that from 1984 to 2004, he and Beaver

lived on the same street as one another and that they are close friends. Jones denies the remaining allegations in paragraph 8 of the complaint.

## RELEVANT ENTITY

9. Jones is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

## FACTUAL BACKGROUND

10. Jones is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Jones is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12. No answer is required to the allegations in paragraph 12 of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint. Further answering, Jones states that the bold, underlined heading preceding paragraph 12 of the complaint is prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

13. No answer is required to the allegations in paragraph 13 of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. No answer is required to the allegations in paragraph 14 of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that

he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. No answer is required to the allegations in paragraph 15 of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint. Further answering, Jones states that the bold, underlined heading preceding paragraph 15 of the complaint is prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

16. No answer is required to the allegations in paragraph 16 of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. No answer is required to the allegations in paragraph 17 of the complaint because they relate to defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint. Further answering, Jones states that the bold, underlined heading preceding paragraph 17 of the complaint is prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

18. No answer is required to the allegations in paragraph 18 of the complaint because they relate to defendants other than Jones. To the extent an answer is required, Jones states that

he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. No answer is required to the allegations in paragraph 19 of the complaint because they relate to defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Jones denies all allegations in paragraph 20 that relate to him. Jones states that no answer is required to those allegations in paragraph 20 of the complaint which relate to a defendant other than Jones. Further answering, Jones states that the bold, underlined heading preceding paragraph 20 of the complaint is prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

21. Jones admits that he knew that Beaver's brother-in-law was S. Rocklage, Cubist's Chairman and CEO. Jones denies the remaining allegations in paragraph 21 of the complaint.

22. Jones admits that on or about January 3, 2002 he sold 7,500 Cubist shares he owned for approximately $262,000. Jones denies the remaining allegations in paragraph 22 of the complaint.

23. No answer is required to the allegations in the first sentence of paragraph 23 of the complaint because the public announcement speaks for itself. Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 of the complaint. Jones denies the allegations in the third sentence of paragraph 23 of the complaint relating to him. Further answering, Jones states that the bold, underlined heading preceding paragraph 23 of the complaint is prefatory in nature and

requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

24. No answer is required to those allegations in paragraph 24 of the complaint which relate to defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint. Further answering, Jones states that the bold, underlined heading preceding paragraph 24 of the complaint is prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

25. No answer is required to the allegations in paragraph 25 of the complaint because they involve defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. No answer is required to the allegations in paragraph 26 of the complaint because they involve defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint.

27. No answer is required to the allegations in paragraph 27 of the complaint relating to a defendant other than Jones. To the extent an answer is required, Jones denies the allegations in paragraph 27 of the complaint.

28. No answer is required to the allegations in the first sentence of paragraph 28 of the complaint relating to a defendant other than Jones. To the extent an answer is required, Jones denies the allegations in the first sentence of paragraph 28 of the complaint. Further answering, Jones states that the bold, underlined heading preceding paragraph 28 of the complaint is

prefatory in nature and requires no answer. To the extent an answer is required, Jones denies the characterization set forth in the heading.

   a)  No answer is required to the allegations in paragraph 28a of the complaint because they involve defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28a of the complaint.

   b)  No answer is required to the allegations in paragraph 28b of the complaint because they relate to defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28b of the complaint.

   c)  No answer is required to the allegations in paragraph 28c of the complaint because they relate to defendants other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28c of the complaint.

   d)  No answer is required to the allegations in the first sentence of paragraph 28d of the complaint because they relate to a defendant other than Jones. To the extent an answer is required, Jones states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28d of the complaint. Jones admits that on or about September 13, 2002 he had a telephone interview with Commission staff, but Jones denies the characterization of that conversation. Jones is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28d of the complaint.

e)      Jones admits that on or about September 16, 2002 he had a telephone conversation with the Commission staff. Jones denies the characterization of the conversation.

## FIRST CLAIM

29.     Jones repeats and incorporates his answers to the allegations contained in paragraphs 1-28 as if fully set forth here.

30.     No answer is required to those allegations in paragraph 30 of the complaint that relate to defendants other than Jones. To the extent an answer is required, Jones denies the allegations in paragraph 30 of the complaint.

## SECOND CLAIM

31.     Jones repeats and incorporates his answers to the allegations contained in paragraphs 1-30 as if fully set forth here.

32.     No answer is required to those allegations in paragraph 32 of the complaint that relate to defendants other than Jones. To the extent an answer is required, Jones denies the allegations in paragraph 32 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Jones' actions, if any, were not the cause of the harm alleged.

## THIRD AFFIRMATIVE DEFENSE

The Commission has failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

**FOURTH AFFIRMATIVE DEFENSE**

Jones did not receive any material, non-public information prior to making his trade, nor did he trade on any such information, and/or he is entitled to the affirmative defenses set forth in Rule 10b5-1.

**FIFTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction and/or venue with respect to Jones.

**PRAYERS FOR RELIEF**

The defendant David G. Jones requests that this Court:

1. Grant judgment in his favor and dismiss all of the Commission's Claims for Relief (Claims First and Second);

2. Enter an award of costs and attorneys' fees against the Commission; and

3. Grant Jones such further relief as is just, warranted, and reasonable under the circumstances.

**JURY DEMAND**

Defendant David G. Jones demands a jury trial on all claims so triable.

Respectfully submitted,

DAVID G. JONES
By his attorneys,

/s/ Brian E. Whiteley
Brian E. Whiteley (BBO #555683)
C. Alex Hahn (BBO #634133)
SCIBELLI, WHITELEY AND
STANGANELLI, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
Dated: September 14, 2005                (617) 227-5725

9