UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PATRICIA B. ROCKLAGE, WILLIAM M. ) <br> BEAVER, and DAVID G. JONES ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 05 CV 10074 M |

## ANSWER OF WILLIAM M. BEAVER

Defendant William M. Beaver ("Beaver") responds as follows to the allegations in the Plaintiff's Complaint.

1. Beaver admits that he sold all of his Cubist stock on the morning of January 2, 2002. Beaver denies that he violated the insider trading laws, denies that he sold his stock after receiving a signal from his sister, and denies that he tipped David G. Jones ("Jones"). Beaver without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Beaver admits that the Commission seeks various types of relief, but denies the remaining allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 constitute legal conclusions to which response is required. To the extent that a response is required, Beaver is without knowledge o information sufficient to form a belief as to the truth of the allegations contained in Paragraph

4. Beaver admits that he made use of the telephone in connection with his trading Cubist stock, but is without knowledge or information sufficient to form a belief as to the truth the remaining allegations contained in Paragraph 4.

5. Denied.

6. Beaver admits that P. Rocklage is his sister, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7. Admitted.

8. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8. Beaver admits that he, Jones, and P. Rocklage lived on the same street in Charlotte for a number of years, but denies remaining allegations in the second sentence. Beaver admits the allegations contained in the third sentence. Beaver admits that he considers Jones to be one of his best friends, denies that has lived across the street from Jones since 1984, and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8.

9. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Beaver is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

BN1 35025992.1

14. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 14.

15. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 15.

16. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 16.

17. Denied.

18. Denied.

19. Beaver admits that he spoke with his broker on the morning of Wednesday, January 2, 2002, and confirmed with the broker his previous instruction to sell Beaver's remaining shares of Cubist stock. Beaver admits that he sold his remaining shares that day. Beaver denies the remaining allegations contained in Paragraph 19.

20. Denied.

21. Beaver denies that he tipped Jones. Beaver is without knowledge or informati sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph :

22. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 22.

23. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 23.

24. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 24.

25. Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 25.

BN1 35025992.1

26. Denied.

27. Beaver denies that he disclosed material, non-public information to Jones, and without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28. Beaver denies that he made false and/or inconsistent statements, and addresses particular statements alleged in the Commission's Complaint as follows:

28 (a). Beaver denies the allegations contained in the first sentence of paragraph 28(a) Beaver is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28(a).

28 (b). Beaver denies the allegations contained in paragraph 28(b) on the grounds that unfairly characterizes statements made by Beaver in his telephone interview and investigative testimony.

28 (c). Beaver admits only that he testified about the tax rationale for selling his share during his investigative testimony, and that his testimony speaks for itself. Beaver denies the remaining allegations contained in paragraph 28(c) on the grounds that it unfairly characteriz that testimony.

28 (d). Beaver admits that he was interviewed by the Commission staff and made cer statements, but denies the remaining allegations contained in the first sentence of paragraph 28(d) on the grounds that they unfairly characterize those statements. Beaver is without knowledge or information sufficient to form a belief as to the remaining allegations contained paragraph 28(d).

28 (e). Beaver is without knowledge or information sufficient to form a belief as to th truth of the allegations contained in Paragraph 28(e).

BNI 35025992.1

29. Beaver repeats and re-alleges his responses to Paragraphs 21-28 above.

30. Denied.

31. Beaver repeats and re-alleges his responses to Paragraphs 1-28 above.

32. Denied.

33. Beaver denies that the Commission is entitled to the relief set forth in Paragraph 33.

## AFFIRMATIVE DEFENSES

First Affirmative Defense:

Plaintiffs fail to state a claim upon which relief can be granted. The misappropriation classical theories of insider trading do not apply for the reasons set forth in Beaver's Motion Dismiss.

Second Affirmative Defense:

There is a lack of jurisdiction and/or venue.

Third Affirmative Defense:

Beaver did not receive any material, nonpublic information prior to making his trade, not trade on the basis of such information and/or is entitled to the affirmative defenses set for in Rule 10b5-1 under the Securities Exchange Act of 1934.

## JURY DEMAND

Beaver hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

WILLIAM M. BEAVER

By his attorneys,

_____
David E. Marder (BBO No. 552485)
Benjamin D. Stevenson (BBO No. 638121)
ROBINS, KAPLAN MILLER & CIRESI LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300
(617) 267-8288 (fax)

Dated: September 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following by first class mail, postage prepaid, on September 14, 2005:

Luke T. Cadigan, Esq.
Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA 02108

David H. Erichsen
WILMER CUTLER PICKERING
HALE & DORR LLP
60 State Street
Boston, MA 02109

Brian Whiteley, Esq.
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110

_____
David E. Marder