UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 05-CV-10074-MEL |
| PATRICIA B. ROCKLAGE, WILLIAM M. | : | |
| BEAVER and DAVID G. JONES, | : | |
| | : | |
| Defendants. | : | |

**FINAL JUDGMENT AS TO DEFENDANT DAVID G. JONES**

The Securities and Exchange Commission having filed a Complaint and Defendant David

G. Jones ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a)     Defendant is liable, jointly and severally with Defendant Patricia B. Rocklage
        ("Defendant Rocklage") and Defendant William M. Beaver ("Defendant
        Beaver"), for disgorgement of $133,222, representing losses avoided as a result of
        the conduct alleged in the Complaint, together with prejudgment interest thereon
        in the amount of $49,049; and

(b)     that Defendant is liable for a civil penalty in the amount of $133,222 pursuant to
        Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21A of the
        Exchange Act [15 U.S.C. § 78u-1].

The payment required by this Judgment shall be made within ten (10) business days after the
entry of this Final Judgment to the Clerk of the Court, together with a cover letter identifying
David G. Jones as a defendant in this action; setting forth the title and civil action number of this
action and the name of this Court; and specifying that payment is made pursuant to this Final
Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to
the Commission's counsel in this action. By making this payment, Defendant relinquishes all
legal and equitable right, title, and interest in such funds, and no part of the funds shall be
returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts
pursuant to 28 U.S.C. § 1961.

        The Clerk shall deposit the funds into an interest bearing account with the Court Registry
Investment System ("CRIS"). These funds, together with any interest and income earned
thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In

3

accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative

Office of the United States Courts, the Clerk is directed, without further order of this Court, to

deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the

United States.

The Commission may by motion propose a plan to distribute the Fund subject to the

Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair

Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether

any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to

this Judgment shall be treated as penalties paid to the government for all purposes, including all

tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after

offset or reduction of any award of compensatory damages in any Related Investor Action based

on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he

further benefit by, offset or reduction of such compensatory damages award by the amount of

any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court

in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days

after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund,

as the Commission directs. Such a payment shall not be deemed an additional civil penalty and

shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For

purposes of this paragraph, a "Related Investor Action" means a private damages action brought

against Defendant by or on behalf of one or more investors based on substantially the same facts

4

as alleged in the Complaint in this action.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 29 , 2007

_____
UNITED STATES DISTRICT JUDGE

5