UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA B. ROCKLAGE, WILLIAM M. BEAVER and DAVID G. JONES,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: NO. 05-CV-10074-MEL<br>:<br>:<br>:<br>:<br>: |

### THE SEC'S UNOPPOSED MOTION TO APPOINT A TAX ADMINISTRATOR

The Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an Order appointing Damasco & Associates, a certified public accounting firm located in San Francisco, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case. Counsel for the Defendants have indicated that they do not oppose this motion.

By order dated August 29, 2007, the Court entered Final Judgment as to Defendant Patricia B. Rocklage ("Rocklage") pursuant to Fed. R. Civ. P. 54(b). Pursuant to the Final Judgment, on or about September 14, 2007, Defendant Rocklage paid a total amount of $350,313 in disgorgement, prejudgment interest, and penalties to the Clerk of this Court.

By order dated August 30, 2007, the Court entered Final Judgment as to Defendant William M. Beaver ("Beaver") pursuant to Rule 54(b). Pursuant to the Final Judgment, on or about September 14, 2007, Defendant Beaver paid a total amount of $250,313 in disgorgement, prejudgment interest, and penalties to the Clerk of this Court.

By order dated August 30, 2007, the Court entered Final Judgment as to Defendant David G. Jones ("Jones") pursuant to Rule 54(b). Pursuant to the Final Judgment, on or about September 14, 2007, Defendant Jones paid a total amount of $183,313 in disgorgement, prejudgment interest, and penalties to the Clerk of this Court.

The payments referred to above comprise the "Distribution Fund" in this matter. The Distribution Fund has been deposited in an interest-bearing account, account number 1:05-cv-10074, under the case name designation "SEC v. Patricia B. Rocklage et al."

The Distribution Fund constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. A Tax Administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator would cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the Commission and the Tax Administrator.

In summary, this agreement provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
| --- | --- |
| Income tax returns, including items 1-6 (below). | $1675 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less or are open and closed within the same | $850 |

| SERVICE | FIXED FEE |
|---|---|
| year. | |
| Loss Carryback (claim for refund) returns. | $550 |

Fixed fee tax compliance services include:[1]

    1.    Obtain a federal tax identification number ("FEIN") for the QSF.

    2.    Prepare and file federal and state income tax returns, as required.

    3.    Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.

    4.    Make arrangements with the SEC or its agents to pay tax liability.

    5.    Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.

    6.    Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

---

[1] These fixed fees include all copying and routine postage expenses. They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports. Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

By its attorneys,

/s/ Luke Cadigan
Luke T. Cadigan (Mass. Bar No. 561117)
  Senior Trial Counsel
Daniel P. Barry (Mass. Bar No. 564037)
  Senior Counsel
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-8919 (Cadigan)
(617) 424-5940 (facsimile)
Email: cadiganl@sec.gov

Dated: November 6, 2007

4

## CERTIFICATE OF SERVICE

I certify that on November 6, 2007, I caused a copy of the foregoing to be served upon the following counsel electronically through the ECF system:

David H. Erichsen, Esq.
Wilmer Hale LLP
60 State Street
Boston, MA 02109

David E. Marder, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
800 Boylston Street, Suite 2500
Boston, MA 02199

Brian E. Whiteley, Esq.
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110

_/s/ Luke Cadigan_
Luke T. Cadigan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA B. ROCKLAGE, WILLIAM M. BEAVER and DAVID G. JONES,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-CV-10074-MEL |

## [PROPOSED] ORDER TO APPOINT TAX ADMINISTRATOR

The Court having reviewed the Securities and Exchange Commission's unopposed motion to appoint Damasco & Associates as Tax Administrator and for good cause shown, **IT IS HEREBY ORDERED:**

1. Damasco & Associates is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case (the "Distribution Fund").

2. Damasco & Associates shall be designated the administrator of the Distribution Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Distribution Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions

from the Distribution Fund. The Tax Administrator shall contemporaneously provide copies of all such filings to the Commission's counsel of record.

3. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Distribution Fund, request that the Commission's counsel of record file with the Court a motion, supported by the Tax Administrator's declaration of the amount of taxes due, to transfer funds from the Distribution Fund on deposit with the Court to pay any tax obligations of the Distribution Fund.

4. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the Commission. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a declaration of fees and expenses to the Commission's counsel of record for submission to the Court for approval and for payment from the Distribution Fund. No fees or expenses may be paid absent the Court's prior approval.

5. At least ten (10) days before any motion to pay fees and expenses is filed with the Court, the Tax Administrator shall provide the Commission counsel of record with a draft of the supporting declaration for review. If the Commission has any corrections or objections to the declaration, the Tax Administrator and the Commission's counsel shall attempt to resolve them on a consensual basis. If a consensual resolution is not reached, the Commission may submit with the motion any objections along with the Tax Administrator's response thereto.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE