UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PATRICIA B. ROCKLAGE, WILLIAM M.
BEAVER and DAVID G. JONES,

Defendants.

CIVIL ACTION
NO. 05-CV-10074-MEL

## ORDER APPOINTING DISTRIBUTION AGENT

Having reviewed Plaintiff Securities and Exchange Commission's ("Commission") Motion to Appoint a Distribution Agent and finding there is good cause for the motion,

IT IS HEREBY ORDERED that:

1. The Commission's motion to appoint a distribution agent is allowed, and Gilardi & Co., LLC, 3301 Kerner Boulevard, San Rafael, California 94901, is appointed as Distribution Agent in accordance with the following provisions of this Order.

2. The Distribution Agent shall oversee the distribution of settlement monies currently being held in the Court Registry Investment System (the "Disgorgement Fund") to injured investors through the establishment of a Fair Fund pursuant to the provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7246(a)]. In particular, these funds shall be distributed to persons or entities who purchased shares of common stock of Cubist Pharmaceuticals, Inc. ("Cubist") on either January 2, 2002 (the date on which Defendant Beaver allegedly sold his shares while in possession of material, nonpublic information) or January 3, 2002 (the date on which Defendant Jones allegedly sold his shares while in possession of material, nonpublic information), and

who retained ownership of at least some of those shares through to and until the public announcement on January 16, 2002 that resulted in a significant decline of Cubist's stock price ("Eligible Claimants"). In no event shall the Eligible Claimants include any of the Defendants or their heirs or assigns.

3. The Distribution Agent is not required to post a bond or give an undertaking of any type in connection with its duties and obligations pursuant to this Order.

4. The Distribution Agent is required to exercise good faith business judgment in fulfilling its duties and responsibilities pursuant to this Order. The Distribution Agent is entitled to rely on all rules of law and court orders, and shall not be liable to anyone for its own good faith compliance with any order, rule, law, judgment, or decree. The Distribution Agent shall not be liable for complying with the orders of this Court. In no event shall the Distribution Agent be liable to any of the Defendants for its good faith compliance with the terms and provisions of this Order, nor shall the Distribution Agent be liable to anyone for any action taken or omitted by it except upon a finding by this Court that the Distribution Agent acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of its duties.

5. The Distribution Agent is hereby authorized, empowered and directed to:

  (a) oversee the establishment and administration of a plan for the distribution of monies in the Disgorgement Fund, in consultation with Commission staff, as provided herein;

  (b) review the claims of potential Eligible Claimants and make fair and reasonable determinations as to the eligibility of claimants to recover monies from the Disgorgement Fund and the amount of money to be distributed to each eligible claimant;

  (c) notify potential Eligible Claimants, by first class mail at their last known

address, of the claims process and provide, inter alia, written instructions for submitting either (i) proof of claim forms attesting to the accuracy of the Distribution Agent's calculation concerning the number of shares of Cubist common stock that the potential Eligible Claimant purchased on January 2, 2002 and/or January 3, 2002 that the potential Eligible Claimant still owned as of the close of the market on January 16, 2002 or (ii) written disputes thereof as well as the deadline for filing such claims or disputes, which deadline shall be no less than 30 days and no more than 90 days from the date of the first mailing to potential Eligible Claimants;

(d) as to potential Eligible Claimants for whom there is no last known address or whose last known address is invalid, use economical and reasonable efforts to locate such potential Eligible Claimants, such as consulting phone books, national white pages software, computer databases, internet resources, and forwarding address information obtained from the post office;

(e) provide written notification, within 60 days of the deadline for the submission of disputes, to all persons whose disputes have been denied by the Distribution Agent ("Denied Disputants"), advise each such Denied Disputant of the basis for the rejection of the dispute, allow a period of 30 days after the date of the Distribution Agent's initial denial of the dispute for a written objection by the Denied Disputant of the Distribution Agent's determination or request for reconsideration of his denied dispute, promptly consider any such objection or request for reconsideration and notify the Denied Disputant in writing of a final determination within 30 days of receiving the objection or request for reconsideration;

(f) prepare a report to be filed with the Court summarizing the Distribution Agent's activities and providing an accounting of the distributions it plans to make ("Distribution Plan"), which Distribution Plan shall have been submitted to Commission staff for review at least 10 days prior to filing with the Court, and at the same time prepare an application for payment of the Distribution Agent's interim fees and expenses; and

(g) upon Court approval of the Distribution Plan and of the payment of the interim fees and expenses of the Distribution Agent, and upon order of the Court releasing the Disgorgement Fund to the Distribution Agent, deposit the Disgorgement Fund in a separate escrow account, establish and maintain that account, make distributions to Eligible Claimants from that account, and pay all accountant fees, taxes and its Court-approved fees and expenses from that account.

6. The Distribution Agent shall be paid for all reasonable costs, fees and other expenses incurred in the performance of its duties, and shall be compensated for services rendered by its Principals at an hourly rate not to exceed $195.00, for services rendered by its Senior Managers at an hourly rate not to exceed $133.00, for services rendered by its Managers at an hourly rate not to exceed $105.00, for services rendered by its Supervisors at an hourly rate not to exceed $86.00, and for services rendered by its staff at an hourly rate not to exceed $67.00. Absent any extraordinary, unusual or unforeseen events, litigation or other proceedings, the Distribution Agent's fees for its professional services shall be capped at $7,000.00, the fees for its data file review and formatting services shall be capped at $2,000, and the fees for its claims processing services shall be capped at $10,000 (excluding reimbursement for third party printing and mailing, postage, software

programming and tax compliance expenses). The Distribution Agent shall be compensated from the funds in the Disgorgement Fund; provided, however, that, before being paid any such fees, the Distribution Agent must: (a) provide all fee applications (detailing all time and expenses claimed and the nature of the services performed) to counsel for the Commission for review and approval as to reasonableness at least ten days prior to the submission thereof for Court approval; and (b) obtain approval of payment of all fees and expenses from this Court, which shall review such fees and expenses for reasonableness in determining whether such payment will be approved.

7. The Distribution Agent may be removed at any time by the Court and replaced with a successor. In the event the Distribution Agent decides to resign, the Distribution Agent shall first give written notice to the Commission and the Court of its intention, and its resignation shall not be effective until the Court has appointed a successor. The Distribution Agent shall follow such instructions as the Court gives it in connection with surrendering its work product and/or possession of any monies in the Disgorgement Fund to its successor.

8. Within 150 days of the completion of its duties pursuant to this Order, the Distribution Agent shall prepare a Notice of Termination to be filed with the Court, seeking discharge by the Court from its responsibilities as Distribution Agent. The Distribution Agent shall submit the Notice of Termination to Commission staff for review prior to the filing thereof with the Court. The Notice of Termination shall include a final report, summarizing all of the Distribution Agent's activities, providing a final accounting of the funds in the Disgorgement Fund, and reporting on the final disposition of any distributions or legal claims. To the extent additional funds remain in the Disgorgement Fund at the time of the filing of the Notice of Termination, the Notice shall include a recommendation, approved by the Commission staff, for the disposition of any such funds. The Distribution Agent also shall submit an application for a final award of fees and expenses at the same time as the final report, which fees and expenses,

upon Court approval, shall be paid from the Disgorgement Fund.

9. The provisions of this Order shall remain in full force and effect until further order of the Court.

ORDERED this 24 day of April, 2008.

_____
UNITED STATED DISTRICT JUDGE